IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES ROBERSON, PETITIONER

V. NO. 4:06CV051-D-B

JERRY PARKER, et al., RESPONDENTS

## OPINION

This cause comes before the court on the petition of James Roberson[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a plea of guilt to a rape charge, Petitioner was sentenced to fifteen years incarceration on November 6, 1998. Roberson filed a motion for post-conviction relief in the Circuit Court of Washington County, Mississippi, on February 23, 2001. The motion was denied only to be reversed and remanded by the Court of Appeals with instructions to hold an evidentiary hearing on the issue of competency of counsel regarding the speedy trial claim. *Robinson v. State*, 920 So.2d 1009, 1011 (Miss. App. 2003). After holding the evidentiary hearing, the trial court again denied Petitioner's motion. The decision was again appealed and upheld by the Court of Appeals on September 13, 2005.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

---

[1] Though Petitioner himself indicates his Mississippi Department of Corrections identification number is "James Robinson."

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Mississippi there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. The Mississippi Supreme Court has carved out a narrow exception to this rule and allows an appeal from a guilty plea within thirty days when the issue concerns an alleged illegal sentence. *Burns v. State*, 344 So.2d 1189 (Miss. 1997). Therefore, Petitioner's conviction became final on December 7, 1998, thirty days after his sentence. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). In order to toll the limitations period, a petition should have been filed by December 7, 1999. Petitioner's motion for post-conviction relief was not filed, however, in until February 23, 2001, over two years too late.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner has not alleged the type of "rare and exceptional" circumstances that would permit the court to consider his petition.

Petitioner's conviction became final on December 7, 1999. His petition for habeas corpus review in federal court was not filed until March 27, 2006.[2] The current matter was filed more than six years after the allowable time had expired. The doctrine of equitable tolling will not be used to breath new life into the petition. Consequently, it must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 6th day of March, 2007.

/s/ Glen H. Davidson
Chief Judge

---

[2] The court recognizes the prison mailbox rule which deems documents filed when delivered to prison officials for mailing. Hence, in reality the petition was likely filed a few days or as much as a week earlier. Yet, as identified in the discussion, given Petitioner as much latitude as one week will not save his petition from the one-year limitations period.